# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| DIANE S. SIMON | § | |
| | § | |
| V. | § | Case No. 1:10-CV-270 |
| | § | |
| ROBERT REYNA and | § | |
| BEAUMONT HOUSING AUTHORITY | § | |

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, for pretrial proceedings pursuant to a referral order entered on May 10, 2010. The court has received and considered the report of the United States magistrate judge, who recommends that the court deny plaintiff's application to proceed *in forma pauperis*, and dismiss this action as improvidently filed unless plaintiff pays the filing and service fee in full.

Plaintiff filed a timely objection to the magistrate judge's recommended disposition. Such objection requires that a district judge of the court make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). After conducting a *de novo* review, the court overrules plaintiff's objections, and adopts the magistrate judge's findings, conclusions, and recommendations.

Plaintiff does not challenge the magistrate judge's legal analysis. Nor does plaintiff challenge the magistrate judge's factual findings based on the record before him at the time he issued his report. Rather, plaintiff's objection is based wholly on newly-alleged monthly living

expenses not previously disclosed to the magistrate judge: (1) a $450.00 private school tuition payment due July 2010, and (2) an undisclosed amount for school uniforms. Plaintiff argues that these additional expenses, combined with her earlier factual allegations, suffice to qualify her to proceed *in forma pauperis*. Alternatively, plaintiff requests that the court reduce the filing fee.

The court does not have the authority to reduce the filing fee which is set by statute. Second, even when the court factors in plaintiff's newly-alleged expenses, paying the filing fee will not leave plaintiff unable to pay for the "necessities of life." With family expenses totaling $3,895.00 per month, including $450.00 for private school tuition and a generous assumption of *$100.00 per month* for school uniforms, her husband's monthly income of $5,000.00 still exceeds family expenses by approximately $1,105.00. Therefore, although plaintiff may face some difficulty maintaining her current standard of living if required to pay the statutory filing fee, it will in no way inhibit her ability to pay for the "necessities of life."

The magistrate judge's report is, therefore, **ADOPTED**, and plaintiff's motion for leave to proceed *in forma pauperis* [Docket No. 2] is **DENIED**. In recognition of plaintiff's assumedly good-faith assertion of difficulty paying the filing fee, however, she will be given an extended time of ninety (90) days to pay. It is, therefore, further

**ORDERED** that plaintiff shall tender the fee established by law for filing a civil action ($350.00) on or before **September 8, 2010**. If the filing fee is not tendered to the Clerk of Court within the extended time established, this action may be dismissed.

**SIGNED** this the **15** day of **June, 2010.**

Thad Heartfield
United States District Judge